IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| MICHAEL BELL, | ) | |
|---|---|---|
| Petitioner, | ) | Civil Action No. 11-252 Erie |
| | ) | |
| v. | ) | Senior District Judge Maurice B. Cohill |
| | ) | Magistrate Judge Susan Paradise Baxter |
| DEPARTMENT OF CORRECTIONS, | ) | |
| et al., | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

Petitioner, Michael Bell, is a state prisoner currently incarcerated at the State Correctional Institution Albion ("SCI Albion"). He has filed a petition for a writ of habeas corpus [ECF No. 4] in which he claims that he is being held in custody in violation of his constitutional rights. He seeks an order from this Court directing that he be released immediately. Respondents have filed a motion to dismiss the petition on the grounds that, *inter alia*, it is second or successive and Bell has not received from the U.S. Court of Appeals for the Third Circuit an order authorizing this Court to consider it, as required by 28 U.S.C. § 2244(b)(3)(A). [ECF No. 10]. It is respectfully recommended that Respondents' motion be granted, that the petition be dismissed for lack of jurisdiction, and that a certificate of appealability be denied.

**II.    REPORT**

    **A.    Relevant Background**

On March 8, 1996, Bell was charged at Criminal Docket No. 351 A & B of 1996 with Criminal Homicide/Murder, Aggravated Assault, Endangering the Welfare of a Child, and False Reports to Law Enforcement Authorities. The charges were in connection with the death of his three-month-old

1

daughter on December 13, 1995. She died from blunt force trauma resulting in several skull fractures and brain hemorrhaging. The Commonwealth filed a notice of intent to seek the death penalty due to the fact that the victim was under twelve years of age.

On July 18, 1996, following a three-day trial, a jury convicted Bell on all counts. Following the penalty phase of the trial, the jury sentenced him to life imprisonment for his murder conviction. The Superior Court of Pennsylvania affirmed his judgement of sentence on August 27, 1997, and the Supreme Court of Pennsylvania denied his petition for allowance of appeal on April 13, 1998.

Bell has filed in state court motions for collateral relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.* None of them have been successful.

On or around June 14, 2001, Bell filed with this Court his first petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenged the judgment of sentence entered against him at the state court's Criminal Docket No. 351 A & B of 1996. That petition was docketed as <u>Bell v. Johnson, et al.</u>, 1:01-cv-193 (W.D. Pa.) and assigned to the Honorable Maurice B. Cohill, Jr., who referred the case to me. I subsequently issued a Report and Recommendation ("R&R") advising that the petition be dismissed and that a certificate of appealability be denied. On November 18, 2003, Judge Cohill adopted the R&R as the Opinion of the Court, dismissed the petition, and denied a certificate of appealability.

On or around January 29, 2008, Bell filed his second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He once again challenged the judgment of sentence entered against him at the state court's Criminal Docket No. 351 A & B of 1996. That action was docketed as <u>Bell v. Sobina, et al.</u>, 1:08-cv-00033 (W.D. Pa.) and assigned to Judge Cohill, who referred the case to me. I issued an R&R in which I recommended that the petition be dismissed as second or successive, 28 U.S.C. § 2244(b), and that a certificate of appealability be denied. Judge Cohill adopted the R&R as

the Opinion of the Court, dismissed the petition, and denied a certificate of appealability. The Third Circuit Court denied Bell's subsequent request for a certificate of appealability. See May 18, 2009, *Order* in Bell v. Sobina, et al., Court of Appeals Docket No. 08-4705 (3d Cir.).

In the meantime, Bell also had filed with the Third Circuit Court an application pursuant to 28 U.S.C. § 2244 to file a second or successive petition under 28 U.S.C. § 2254. The court denied his application on July 15, 2008. See 7/15/08, *Order* in In re: Michael Bell, Court of Appeals Docket No. 08-2734 (3d Cir.).

In the instant petition for a writ of habeas corpus, Bell once again challenges his state custody, which is the result of the judgment of sentence entered against him at the state court's Criminal Docket No. 351 A & B of 1996. He argues that he has served his "maximum statutory penalty" and that he is being held in excess of his sentence. [ECF No. 4 at 3-4]. He also claims that his double jeopardy rights and his right to "privacy and freedom of association" have been violated. [Id. at 4]. As relief, he seeks the issuance of a "writ of habeas corpus [to] release [him] from unlawful detention[.]"[1] [Id. at 5].

Respondents have filed a motion [ECF No. 10] in which they argue that the Court must dismiss the petition because it is second or successive. Bell has filed a Reply [ECF No. 13], and the case is ripe for review.

**B.    Discussion**

Because Bell is in custody pursuant to the judgment of a state court, his habeas petition must be construed as having been filed pursuant to 28 U.S.C. § 2254. As explained in a leading habeas treatise:

---

[1] Bell also seeks an order from this Court directing that he receive money damages pursuant to 42 U.S.C. § 1983. Money damages are not available in a habeas corpus action. See, e.g., Preiser v. Rodriguez, 411 U.S. 475, 494 (1973) (explaining that "if a state prisoner is seeking damages, he is attacking something other than immediate or more speedy release – the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."); Marine v. Quintana, 347 F.App'x 736 (3d Cir. 2009) (affirming that money damages are not available in a habeas action).

3

> Habeas is the "exclusive remedy" for the prisoner who seeks "immediate or speedier release" from confinement. Skinner v. Switzer, 131 S. Ct. 1289, 1293, 179 L. Ed. 2d 233 (2011); see also Wilkinson v. Dotson, 544 U.S. 74, 82, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005).
>
> Two statutes provide jurisdiction for state prisoners challenging the lawfulness of their confinement.
>
> The first is 28 U.S.C.A. § 2241. That statute provides, in part, that "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. … The writ of habeas corpus shall not extend to a prisoner unless … [h]e is in custody in violation of the Constitution or laws or treaties of the United States …." 28 U.S.C.A. § 2241(a), (c)(3).
>
> The second is 28 U.S.C.A. § 2254(a): "The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."
>
> The question of whether a petitioner can proceed under § 2241, as opposed to § 2254, is a significant one. Section 2241 does not include the one-year limitations period of § 2244(d)(1); the extremely deferential review standards of § 2254(d)(1), (2); or the limitation on successive petitions in § 2244(b)(2). A petitioner proceeding under § 2241, therefore, does not need to overcome these procedural hurdles…
>
> The vast majority of courts have concluded that, although the texts of § 2241 and § 2254 appear similar in their grant of jurisdiction, § 2254 is the exclusive avenue for a state prisoner challenging the constitutionality of his detention. Section 2254 is properly understood as in effect implementing the general grant of habeas corpus authority found in § 2241, even if the petitioner is not challenging the underlying state court conviction (e.g., challenges to parole determinations), so long as the person is in custody pursuant to the *judgment* of a state court…. If, however, the petitioner is in custody pursuant to something *other than a judgment* of a state court (e.g., pre-trial detention, pre-trial bond order, awaiting extradition, or other forms of custody that are possible without a conviction), he made proceed under 28 U.S.C. § 2241.

Brian R. Means, FEDERAL HABEAS MANUAL § 1:34 (June 2012) (emphasis in original), citing, *inter alia*, Coady v. Vaughn, 251 F.3d 480, 484-85 (3d Cir. 2001) ("It is a well-established canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one…. In the instant action, both Sections 2241 and 2254 authorize Coady's challenge to the legality of his continued state custody…. applying the 'specific governs the general'

4

canon of statutory construction to this action, we hold that Coady must rely on Section 2254 in challenging the execution of his sentence."); and, Felker v. Turpin, 518 U.S. 651 (1996) ("Our authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'").

AEDPA mandates that before a petitioner may file a second or successive habeas corpus petition under 28 U.S.C. § 2254 challenging the same judgment of sentence that he previously challenged in federal habeas, he must obtain an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). See, e.g., Magwood v. Patterson, — U.S. —, 130 S.Ct. 2788 (2010). Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2). See U.S.C. § 2244(b)(3)(C). AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings. See, e.g., Burton v. Stewart, 549 U.S. 147 (2007).

Bell has not received from the Third Circuit Court permission to file a second or successive petition. Therefore, the Court must dismiss the instant petition for lack of jurisdiction. Id. at 152-54.

**C.    Certificate of Appealability**

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." In Slack v. McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds

without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying this standard here, jurists of reason would not find it debatable whether the instant petition is a second or successive petition. Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Respondents' motion to dismiss [ECF No. 10] be granted, that the petition for a writ of habeas corpus be dismissed, and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: October 2, 2012

cc: Maurice B. Cohill
Senior United States District Judge